UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAM EVANS,

    Plaintiff,

v.                                 Case No. 5:15cv46-RV-CJK

T. NICHOLS, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court on defendant S. Williams' Motion to Dismiss. (Doc. 18). Williams argues plaintiff failed to state an Eighth Amendment deprivation of medical care claim. Plaintiff did not respond to the motion. The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon careful consideration of the parties' submissions and the relevant law, the undersigned recommends that the Motion to Dismiss be granted because plaintiff's allegations do not establish defendant Williams acted with deliberate indifference to a serious medical need.

BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida penal system currently confined at Graceville Correctional Facility ("Graceville CF"). On March 2, 2015, plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The complaint names two employees of Graceville CF as defendants: T. Nichols and S. Williams. Nichols is a dentist and Williams is a nurse.

The complaint sets forth the factual allegations that follow. On July 3, 2014, Nichols performed dental work on the left side of plaintiff's mouth. Because the dental work was uncompleted, plaintiff was scheduled for a tooth extraction on July 10, 2014. After the extraction, plaintiff "experienced serious pain and suffering" and declared a medical emergency. Defendant Williams examined plaintiff and determined no emergency existed because plaintiff's mouth was not bleeding. Plaintiff submitted another sick-call request and received Ibuprofen for his pain.

Plaintiff attended another consultation with Nichols. Nichols examined plaintiff and discovered a portion of the tooth from the extraction still lodged in plaintiff's gums. Plaintiff continued to experience pain, suffering, and a lack of sleep "due to defendant Nichols and Williams." Plaintiff filed administrative grievances concerning his pain but received no assistance. Plaintiff "suffered for several months without help" until "one day while plaintiff was brushing his teeth" he

noticed his "gum was bleeding." "Upon his own thorough examination, plaintiff discovered a piece of his tooth remained lodged in his gums." Plaintiff asserts he "has been in pain and constant suffering" because of the defendants' actions.

Based on the foregoing, plaintiff claims defendants Nichols and Williams violated the Eighth Amendment. For relief, plaintiff requests "injunctive relief from harm/transfer, $200,000 dollars compensatory and $200,000 dollars punitive damages, and other relief deemed proper and just."

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only <u>well-pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.

1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

## DISCUSSION

A § 1983 claim arises when prison officials act with deliberate indifference to an inmate's serious medical needs, which violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration."). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted); *see also id.* ("[T]he medical need must be 'one that, if left unattended, poses a substantial risk of serious harm.'") (*quoting Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

To show a defendant was deliberately indifferent, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by

conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (*quoting Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Prison officials may avoid Eighth Amendment liability by showing, for example: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Here, the specific allegations concerning defendant Williams' actions fail to establish deliberate indifference to plaintiff's health needs. Following a tooth extraction, plaintiff indicates he experienced pain and declared a medical emergency. Williams examined plaintiff, saw the area of the extraction was not bleeding, and concluded plaintiff was not suffering a medical emergency. Plaintiff has not plausibly alleged Williams was aware that plaintiff's condition posed a substantial risk of serious harm (or that the condition in fact even posed such a risk). Moreover, Williams' failure to recognize that plaintiff needed additional dental work

was—at most—negligent. Negligence is an insufficient basis for liability under the Eighth Amendment. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (To establish deliberate indifference, the defendant's response to the medical need must be more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.") (citation and quotations omitted); *see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quotations omitted); *Harris*, 941 F.2d at 1505 ("Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'") (*quoting Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)).

    The remainder of the complaint fails to identify any specific action taken by defendant Williams that affected plaintiff's condition.[2] Although plaintiff generally alleges that Williams is responsible for him experiencing "pain and suffering" over a period of several months, conclusory assertions are not entitled to a presumption

---

[2] The complaint does not allege Williams examined plaintiff more than one time or that Williams was aware of plaintiff's grievances.

Case No. 5:15cv46-RV-CJK

of truth. The complaint's well-pleaded factual allegations do not nudge plaintiff's Eighth Amendment claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Defendant Williams' Motion to Dismiss, therefore, should be granted.

Accordingly, it is ORDERED:

1.  The clerk shall update plaintiff's current address to Graceville Correctional Facility, 5168 Ezell Road, Graceville, Florida 32440.

2.  The clerk shall mail a copy of this Report and Recommendation to plaintiff at the above address.

And it is respectfully RECOMMENDED:

That defendant S. Williams' Motion to Dismiss (doc. 18) be GRANTED and plaintiff's Eighth Amendment claim against Williams DISMISSED WITHOUT PREJUDICE.

At Pensacola, Florida, this 19th day of August, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.