UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAM EVANS,

    Plaintiff,

v.   Case No. 5:15cv46-RV-CJK

T. NICHOLS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the court on defendant T. Nichols' motion to dismiss. (Doc. 28). Nichols argues plaintiff failed to state an Eighth Amendment deprivation of medical care claim. Plaintiff did not respond to the motion. The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After reviewing the parties' submissions and the relevant law, the undersigned recommends that the motion to dismiss be granted because plaintiff's allegations do not establish Nichols acted with deliberate indifference to a serious medical need.

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate of the Florida Department of Corrections currently confined at Graceville Correctional Facility ("Graceville CF"). On March 2, 2015, plaintiff initiated this action by filing a civil

rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names 2 employees of Graceville CF as defendants: Dr. T. Nichols and S. Williams.[1] Dr. Nichols is a dentist and Williams is a nurse. The complaint sets forth the factual allegations that follow.

On July 3, 2014, Dr. Nichols performed dental work on the left side of plaintiff's mouth. Because the dental work was incomplete, plaintiff was scheduled for a tooth extraction on July 10, 2014. After the extraction, plaintiff "experienced serious pains" and a "lack of sleep." He subsequently declared a medical emergency. Nurse Williams examined plaintiff at sick call and told him no emergency existed because "the area where the tooth was extracted was not bleeding[.]" Plaintiff submitted another sick-call request and received Ibuprofen for pain.

Plaintiff attended another consultation with Nichols. Nichols examined plaintiff and discovered a portion of the tooth from the extraction still lodged in plaintiff's gums. Nichols also "erroneously informed" plaintiff that he "had contracted HIV[.]" Plaintiff continued to experience pain, suffering, and a lack of sleep. Plaintiff filed administrative grievances concerning his pain but received no assistance. Plaintiff "suffered for several months without help" until "one day while plaintiff was brushing his teeth" he noticed his "gum was bleeding." "Upon his own

---

[1] Plaintiff's Eighth Amendment claim against Williams has been dismissed. (Docs. 20, 24).

thorough examination, plaintiff discovered a piece of his tooth remained lodged in his gums."

Based on the foregoing, plaintiff claims defendant Nichols violated the Eighth Amendment by exhibiting deliberate indifference to a serious medical need. As relief, plaintiff requests "injunctive relief from harm/transfer, $200,000 dollars compensatory and $200,000 dollars punitive damages, [and] other relief deemed proper and just."

## LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th

Cir. 1974) ("unwarranted deductions of fact are not admitted as true").[2] Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Case No. 5:15cv46-RV-CJK

## DISCUSSION

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). A § 1983 claim arises when prison officials act with deliberate indifference to an inmate's serious medical needs, which violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration."). "To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (quotation omitted); *see also id.* ("[T]he medical need must be one that, if left unattended, poses a substantial risk of serious harm.") (*quoting Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Case No. 5:15cv46-RV-CJK

To show deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (*quoting Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Prison officials may avoid Eighth Amendment liability by showing, for example: (1) "that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;" (2) that "they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;" or (3) that "they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

Here, assuming plaintiff's dental condition qualified as a serious medical need, plaintiff's factual allegations fail to establish defendant Nichols exhibited deliberate indifference to the need. Dr. Nichols extracted plaintiff's tooth on July 10, 2014, after which he experienced pain and lack of sleep. With respect to the initial extraction, plaintiff's allegations fail to show Dr. Nichols' actions were anything more than negligent. Negligence, however, is insufficient to establish

liability under the Eighth Amendment. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (To establish deliberate indifference, the defendant's response to the medical need must be more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.") (citation and quotations omitted).

Plaintiff claims that, at a later consultation, Dr. Nichols discovered a portion of a tooth still lodged in plaintiff's gums. Plaintiff fails, however, to describe what actions he or Dr. Nichols took subsequent to the discovery. For example, plaintiff does not indicate whether Dr. Nichols provided any treatment or whether plaintiff requested such treatment and Dr. Nichols refused. In other words, plaintiff has failed to allege what Dr. Nichols did (or did not do) that caused plaintiff's pain. Thus, the complaint does not sufficiently allege that Dr. Nichols disregarded a known risk of serious harm while caring for plaintiff.[3] Nothing in the complaint suggests facts to support a claim of deliberate indifference. Accordingly, the allegations do not nudge plaintiff's Eighth Amendment claim against Dr. Nichols "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Defendant Nichols' motion to dismiss, therefore, should be granted and plaintiff's claim dismissed without prejudice.

---

[3] The complaint does not allege Dr. Nichols was aware of plaintiff's administrative grievances or refused to respond to requests for dental treatment.

Accordingly, it is respectfully RECOMMENDED:

1.  That defendant T. Nichols' motion to dismiss (doc. 28) be GRANTED and plaintiff's Eighth Amendment claim against Nichols be DISMISSED WITHOUT PREJUDICE.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 15th day of June, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.